27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gladys CURLEY, Plaintiff-Appellee,
v.
STANDARD MOTOR PRODUCTS, INCORPORATED, Defendant-Appellant.
 No. 93-2226.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-810-R)
 Argued: Charles Richard Cranwell, Cranwell & Moore, Vinton, Va., for appellant.
 David Raymond Simonsen, Jr., Richmond, Va., for appellee.
 On Brief: Tyler M. Moore, Cranwell & Moore, Vinton, Va.,, for appellant.
 Vicky A. Verwey, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Standard Motor Products, Inc. appeals the judgment of the district court entered in favor of Gladys Curley after a jury trial, awarding her compensatory and punitive damages on her claim, under 42 U.S.C. Secs. 1981 and 2000e, for unlawful discharge based on race.[1] We affirm.
 
 
 2
 Curley, a black woman, was employed at Standard's distribution center in Disputanta, Virginia, in August 1989, and she was discharged on May 1, 1992. In the interval between her hire and discharge, Curley had received several promotions, the last of which was to the position held on the date of her discharge, that of a "team leader." According to Standard's evidence, she was fired because she advised another employee to slow down her production, which was a dischargeable offense under company policy. Curley's own testimony contradicted the testimony of the two company witnesses. She acknowledged that the disputed conversation took place but denied making the remarks which could be interpreted as suggestions to slow production. Curley also introduced evidence of a racially hostile work environment, which she claimed resulted from company policy and was the cause of her discharge. There was conflicting evidence concerning racist remarks by at least four of the seven white males in the hierarchy of individuals who supervised Curley's work. Witnesses testifying for Curley also related incidents describing general racial animus on the part of two supervisors involved in her discharge.
 
 
 3
 The jury was instructed on the standard for considering the issues of liability and damages, and neither party objected to the instructions. Included was an instruction on punitive damages proposed by Standard. The jury was also instructed to answer special interrogatories. In answer to one special interrogatory, the jury found that Standard "in discharging plaintiff Gladys Curley acted with malice or with reckless indifference to her right not to be discriminated against on the basis of her race." It ultimately returned a verdict of $46,000 for lost wages and benefits, $50,000 in other compensatory damages, and punitive damages in the amount of $750,000.
 
 
 4
 Having failed to renew its motion for a directed verdict at the close of all the evidence, Standard was precluded from filing a post-trial motion for judgment as a matter of law. The principal question on appeal is whether the district court erred in denying Standard's motion for a new trial. We described the standard governing a district court's consideration of a motion for a new trial in Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir.1980):
 
 
 5
 [A] motion for a new trial on the merits ... requires a review of the evidence under a different standard[than that applied to a motion for judgment as a matter of law]. Under Rule 59, F.R. Civ. P., a trial court may weigh the evidence and consider the credibility of the witnesses. Indeed, a trial judge has a duty to set aside a verdict and grant a new trial even though it is supported by substantial evidence,"if he is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false or will result in a miscarriage of justice...."
 
 
 6
 On review, we consider whether the district court abused its discretion in its resolution of the motion for a new trial. Klein v. Sears Roebuck & Co., 773 F.2d 1421, 1428 (4th Cir.1985).
 
 
 7
 Here, Standard's motion for a new trial was based primarily on objections which were foreclosed by its failure to object to the introduction of evidence, and its approval of, or failure to object to the court's instructions. On the record before it, the district court was of the opinion that the verdict was neither against the clear weight of the evidence nor based upon evidence which was false or would have resulted in the miscarriage of justice. On this record, we cannot say that the district court abused its discretion in not granting a new trial on the issue of liability. Likewise, considering the standard governing the award of punitive damages, the approved instructions in this case, and the evidence which the jury considered pursuant to both the evidentiary standard and the court's instructions, we are not persuaded that the district court abused its discretion in ruling that the damages awards were not excessive. We affirm based on the rationale of the district court's memorandum opinion of September 2, 1993, denying the motion for a new trial.
 
 AFFIRMED
 
 
 [1]
 The district court dismissed Curley's other charges of discrimination, and its rulings were not appealed